UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **JASON HOSEA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   14-cv-03299 |
| | ) |
| **MEMORIAL MEDICAL CENTER,** | ) |
| | ) |
| Defendant. | ) |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Jason Hosea, pro se, has filed suit under 42 U.S.C. § 1983 against Memorial Medical Center of Springfield, Illinois, and unknown security guards and nurses working at Memorial Medical Center for alleged racial discrimination in their treatment of Hosea, a black man, while he visited his aunt in the hospital. Defendants have filed a Motion to Dismiss (d/e 8) now before the Court. For the reasons that follow, the Motion to Dismiss is granted.

I.   BACKGROUND

The following facts are taken from Hosea's Complaint. On May 23, 2013, Hosea was visiting his aunt, a patient at Memorial Medical Center. (See Compl. at 6.) Hosea was taking a shower on

the seventh floor at 7:00 AM when he heard someone knocking at the door and telling him that he needed to get out. (Id.) Hosea eventually answered the door to find two security guards, who asked Hosea what he was doing there and whom he was visiting. (Id.) The security guards believed that Hosea's belongings were contained in two garbage bags, which Hosea denied, but the security guards nevertheless told Hosea to take the garbage bags and leave. (Id.) Hosea replied that the security guards were only telling him to leave because he is black, and the security guard allegedly replied, "Probably so." (Id.)

On May 25, 2013, Hosea was sleeping on the fourth floor of Memorial Medical Center. (Id.) When he awoke, a black man told him that he was making too much noise and that he would call security. (Id.) Hosea apparently then left Memorial Medical Center, though whether he had any contact with security staff is unclear. (See id.) Subsequently, on May 27, 2013, a nurse told Hosea that he could sleep in a bed at Memorial Medical Center because the bed's prior occupant had gone home. (Id. at 7.) But another nurse later came and told Hosea that he had to leave. (Id.) To add insult to injury, Hosea states that a third nurse, who was responsible for

his aunt's care, made racial jokes throughout his aunt's stay at Memorial Medical Center.  (Id. at 6–7.)

On October 1, 2014, Hosea filed the present lawsuit alleging race discrimination under 42 U.S.C. § 1983.  Memorial Medical Center filed its Motion to Dismiss on November 11, 2014, and Hosea filed his Response on December 2, 2014.

## II.      JURISDICTION AND VENUE

This Court has subject-matter jurisdiction over Hosea's claim because it arises under 42 U.S.C. § 1983.  28 U.S.C. § 1331.  Venue is proper in this Court because the events or omissions giving rise to the claim took place in Springfield, within this judicial district.  28 U.S.C. § 1391.

## III.     LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007).  To state a claim for relief, a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief and giving the defendant fair notice of the claims.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).  When considering a motion to dismiss under Rule 12(b)(6),

the court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in the plaintiff's favor. Id. The complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). Plausibility means alleging factual content that allows a court to reasonably infer that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient. Id.

### IV.    ANALYSIS

In its Motion to Dismiss (d/e 8), Memorial Medical Center moves to dismiss Hosea's complaint because § 1983 provides a federal remedy for a deprivation of a plaintiff's civil rights only by those defendants acting under color of state law. (See Def.'s Me. Law. Supp. Def.'s Mot. Dismiss Pl.'s Compl. [hereinafter "Def.'s Mem."], d/e 9, at 2.)

Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be

>subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To demonstrate that a private entity, like Memorial Medical Center, has acted under color of state law, the plaintiff must show "such a close nexus between the State and the challenged action that the challenged action may be fairly treated as that of the State itself." Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 823 (7th Cir. 2009). (citing Jackson v. Metro. Edison Co., 419 U.S. 345, 349–51 (1974)). The close nexus between the State and the challenged action of a private party may be shown, as applicable in this case, where the State effectively directs or controls the actions of the private party or where the State delegates a public function to the private party. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 628 (7th Cir. 1999) (subjecting medical center security personnel to § 1983 action as state actors because they were special Chicago police officers, appointed by city ordinance, licensed by the city, and accorded all ordinary city police officer powers).

In the case now before the Court, Hosea does not dispute that Memorial Medical Center is a private actor, a not-for-profit corporation organized under the laws of the State of Illinois. (Def.'s Mem., d/e 9, at 2.) Furthermore, Hosea makes no allegation that the State effectively directs or controls the day-to-day security of Memorial Medical Center, nor does he allege that the State has delegated any public function, vis-à-vis hospital security, to Memorial Medical Center. And Hosea has not alleged that Memorial Medical Center's security guards and nurses were City of Springfield personnel, distinguishing them from the Chicago police officers who were state actors subject to action under § 1983 in Payton. Accordingly, Hosea has not alleged facts sufficient to show that Memorial Medical Center and its staff acted under color of state law when he was directed to leave the premises.

To be sure, private security carries out its responsibilities in the shadow of police action. Yet Hosea alleges no interactions with Springfield Police or any other law enforcement personnel stemming from his removal from Memorial Medical Center. And even if he had, the fact that a private party might assist law enforcement does not transform that private party into a state actor so long as the

Page **6** of **9**

private party has an independent, legitimate motivation for engaging in the challenged conduct.  Cf. United States v. Shahid, 117 F.3d 322, 326 (7th Cir. 1997) (holding that mall security guards were not state actors for Fourth Amendment purposes when they detained shoplifting suspect until law enforcement personnel arrived).  In this case, Memorial Medical Center and its staff had a legitimate motivation to reserve its premises for its patients' use.  Again, for this reason, no liability under § 1983 can attach.

Even construing Hosea's complaint still more liberally, as this Court must for a litigant proceeding pro se, and accepting each of Hosea's factual allegations as true, as this Court must on a motion to dismiss, Memorial Medical Center's private acts of discrimination are not actionable.  Distinct from § 1983, Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d et seq., provides a remedy for discriminatory conduct within certain programs or activities receiving federal financial assistance, including the operation of hospitals.  Yet Hosea cannot sue under Title VI because he was not himself a patient at Memorial Medical Center, but only a visitor there while his aunt was a patient.  See, e.g., Doe ex rel. Doe v. St. Joseph's Hosp. of Fort Wayne, 788 F.2d 411, 418–19 (7th Cir. 1986)

("[I]n order to bring a private action under Title VI the plaintiff must be the intended beneficiary of, an applicant for, or a participant in a federally funded program."), overruled on other grounds by Alexander v. Rush N. Shore Med. Ctr., 101 F.3d 487 (7th Cir. 1996). Accordingly, Hosea also has not stated a claim under Title VI.

A district court may dismiss a pro se complaint only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Tarkowski v. Robert Bartlett Realty Co., 644 F.2d 1204, 1207 (7th Cir. 1980). Ultimately, however, the responsibility is Hosea's to plead his case. So far, he has not alleged facts to bring his claim within a recognizable cause of action. But, mindful of its duty to pro se litigants, the Court will dismiss Hosea's claim without prejudice at this time. Cf. id. at 1208 (affirming dismissal after plaintiff was given two opportunities to amend his complaint before dismissal).

## V.     CONCLUSION

For the forgoing reasons, Defendant Memorial Medical Center's Motion to Dismiss (d/e 8) is GRANTED. Hosea's Complaint is DISMISSED WITHOUT PREJUDICE and with leave to replead. Hosea is DIRECTED to file an Amended Complaint, if he chooses to

do so, on or before September 21, 2015.  If Hosea does not file an Amended Complaint by that time, his claim will be dismissed with prejudice.

IT IS SO ORDERED.

ENTER:  August 21, 2015

FOR THE COURT:            s/ Sue E. Myerscough
                         SUE E. MYERSCOUGH
                      UNITED STATES DISTRICT JUDGE